IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELMAN WESLEY BALL, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:03-CV-3056-D |
| | ) |
| JOHNSON COUNTY, ET AL., | ) |
| Defendants. | ) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by two orders of reference of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     FACTUAL BACKGROUND**

On December 24, 2003, Plaintiff filed this complaint alleging that Defendants violated his civil rights. On January 6, 2004, Plaintiff was granted leave to proceed *in forma pauperis* and notified that he is required to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Plaintiff was further advised that failure to file such notice may result in this case's dismissal for failure to prosecute. (Order of Jan. 6, 2004.) On June 1, 2004, and January 20, 2005, Plaintiff filed written notices of change of address as required. On March 9, 2005, March 10, 2005, and April 5, 2005 three mailings from the Court to Plaintiff's latest address were returned marked "undeliverable-no forwarding address." In the April 6, 2005 Proposal for Contents of Scheduling Order, Defendants state that they phoned Plaintiff at the

telephone number for his latest address and were told that Plaintiff no longer resides there. Plaintiff has failed to keep the Court advised of his address as he was ordered to do.

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order of January 6, 2004, to advise the Clerk in writing of his current address. The Court has no way to contact Plaintiff. He has not received nor responded to the District Court's order regarding the Proposal for Contents of Scheduling Order. Additionally, he has not received nor responded to two Motions to Dismiss pursuant to FED. R. CIV. P. 12(b)(6). His complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 26 day of April, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

Page 2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE